Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6737 | DATE | MARCH 11, 2004 |
| CASE TITLE | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. LAKESIDE BUILDING MAINTENANCE, INC. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   EEOC's petition for fees [5] is denied.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| cw courtroom deputy's initials | 3/11/2004 date mailed notice   mqm mailing initials |

2 number of notices

Document Number: 11

Date docketed: 3-12-04

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
 )
 Plaintiff, )
 )
 v. ) No. 03 C 6737
 )
LAKESIDE BUILDING MAINTENANCE, )
INC., )
 )
 Defendant. )

**MEMORANDUM OPINION AND ORDER**

This case was brought to enforce a subpoena of the United States Equal Employment Opportunity Commission ("EEOC"). The subpoenas were issued to respondent Lakeside Building Maintenance, Inc. On September 23, 2003, the EEOC filed an application for rule to show cause why the subpoenas should not be enforced. In the administrative proceedings, Lakeside did not object to the subpoenas. At the first status hearing in the case, which was held on October 8, 2003, general counsel for Lakeside appeared and made no argument that the subpoena should not be enforced. At the status hearing, counsel offered an oral explanation that delays in previously responding were caused, in part, by her

absence from work due to maternity leave. Counsel requested a longer period of time to respond, but the court entered an order that reads: "Defendant Lakeside Building Maintenance, Inc. is ordered to fully comply with the administrative subpoenas by 10/29/03." Order dated Oct. 8, 2003 (Docket Entry 4).

It is undisputed that Lakeside provided a response by October 29, 2003. The EEOC, however, found the response to be incomplete and requested additional items. The parties conferred by telephone and resolved their differences. The November 6, 2003 letter of EEOC's counsel confirms the parties' conversation.[1] This letter shows that most of the purportedly missing items were simply that Lakeside did not have any responsive documents. In part, Lakeside needed to provide an explanation so that the EEOC could understand the records that were provided. Lakeside also had to provide some additional items, but the additional items due represented a small portion of the documents produced. There is no dispute that, prior to the parties' December 3, 2003 status hearing, Lakeside was in full compliance.

Pending is the EEOC's petition for fees based on Lakeside's failure to comply with the subpoena prior to this action being filed and also based on Lakeside not being in full

---

[1] This letter, as well as counsel's November 4, 2003 letter outlining the claimed deficiencies, are provided as exhibits to the EEOC's petition for fees.

compliance until after the October 29, 2003 deadline set by this court's October 8, 2003 Order. The EEOC requests $2,160 in fees representing 9 hours of attorney time at $240 per hour. In its petition for fees, the EEOC relies on some of the allegations made in its application for rule to show cause. These allegations are not disputed by Lakeside. The EEOC originally requested information in July 2002. Subpoenas were issued in February 2003. Lakeside did not oppose the subpoenas through administrative proceedings. The EEOC also points to another set of subpoenas for which the EEOC had to file an enforcement action to achieve compliance. See United States EEOC v. Lakeside Building Maintenance, Inc., 255 F. Supp. 2d 871 (N.D. Ill. 2003). That case involved unrelated allegations of national origin discrimination. The subpoenas in the present case involve investigation of sexual harassment charges. The docket for the other case shows no motion for fees was filed and no fees were awarded.

The EEOC's petition does not identify the purported basis for imposing sanctions. There is a reference to finding Lakeside to have been in contempt for failing to fully comply with the October 8, 2003 Order in a timely manner. The purported contempt is asserted to be a basis for awarding fees for work after October 8, 2003, but that only represents 1.5 hours of the 9 hours for which attorney fees are requested. Lakeside contends

no basis for awarding fees or imposing sanctions exists. Alternatively, Lakeside contends the fees requested are excessive. In its reply, the EEOC cites to the court's inherent power to impose sanctions for abusive litigation practices. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980). Without expressly identifying the basis on which sanctions were imposed, the EEOC also cites two other cases. See EEOC v. Appleton Electric Co., 586 F. Supp. 1108, 1112-13 (N.D. Ill. 1984); EEOC v. A.E. Staley Manufacturing Co., 1985 WL 2321 *1 (N.D. Ill. Aug. 14, 1985). Appleton imposed monetary sanctions based on Fed. R. Civ. P. 11. Staley imposed monetary sanctions based on 28 U.S.C. § 1927. The EEOC does not make any argument in support of imposing sanctions based on contempt.

None of the three grounds apparently relied upon by the EEOC are a sufficient basis for imposing sanctions in the present case. As to Rule 11, the EEOC has not followed the proper procedure for pursuing sanctions under that Rule. See Fed. R. Civ. P. 11(c)(1)(A). Even if the merits of Rule 11 sanctions were to be considered, no basis exists for imposing sanctions under that Rule. No written pleading, motion, or other paper of Lakeside was filed with this court prior to Lakeside's answer to the petition for fees. See Fed. R. Civ. P. 11(b). Rule 11 sanctions cannot be based solely on oral statements in court. See id.; Christian v. Mattel, Inc., 286 F.3d 1118, 1130 (9th Cir.

2002); Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 11, subdivisions (b) and (c). See also Magnus Electronics, Inc. v. Masco Corp. of Indiana, 871 F.2d 626, 632 (7th Cir.), cert. denied, 493 U.S. 891 (1989).

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The EEOC seeks to impose sanctions on Lakeside itself. Section 1927, however, provides only for imposing sanctions on an attorney. Piper, 447 U.S. at 757; Insurance Benefit Administrators, Inc. v. Martin, 871 F.2d 1354, 1363 (7th Cir. 1989); In re Factor VIII or IX Concentrate Blood Products Litigation, 2001 WL 1076585 *4 (N.D. Ill. Sept. 13, 2001). Even if the EEOC's petition is considered to be against Lakeside's counsel, no basis exists for imposing sanctions under § 1927. Section 1927 applies only if court proceedings are multiplied or delayed. See Piper, 447 U.S. at 757; 2125, Inc. v. Village of Melrose Park, 2003 WL 22317569 *4 (N.D. Ill. Oct. 8, 2003). For sanctions to be imposed, the delay must rise to the level of "a serious and studied disregard for the orderly process of

justice." Pacific Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 119 (7th Cir. 1994) (quoting Walter v. Fiorenzo, 840 F.2d 427, 433 (7th Cir. 1988)). It must involve bad faith, and rise to the level of "extremely negligent conduct," "reckless and indifferent conduct," or worse. Pacific Dunlop, 22 F.3d at 120; Johnson v. Commissioners, 289 F.3d 452, 456 (7th Cir. 2002).

For purposes of imposing § 1927 sanctions, any delays that occurred prior to the filing of the case cannot be considered because those would not be delays in the court proceedings. Counsel, who, on the day the EEOC filed this action, had just returned to work after a few months' absence, provided a response to the subpoenas just over one month after the present case was filed and was in full compliance within another month or less. No basis exists for finding Lakeside's attorney engaged in unreasonable and vexatious delay that caused undue delay in the court proceedings. No sanctions will be imposed pursuant to § 1927.

The other basis to be considered is this court's inherent powers. Although a court should ordinarily rely on applicable rules and statutes concerning sanctions, it may exercise its discretion to apply its inherent powers to sanction abuses of judicial process even where the rules or statutes would also apply. Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991); Kovilic Construction Co. v. Missbrenner, 106 F.3d 768, 772 (7th Cir.

1997). In such situations, however, the inherent power should be exercised cautiously and not in a manner that actually conflicts with the applicable rules. Kovilic, 106 F.3d at 772-73. Pursuant to the court's inherent powers, sanctions should not be imposed unless there is willful disobedience, bad faith, or fraud. Maynard v. Nygren, 332 F.3d 462, 470 (7th Cir. 2003); Kovilic, 106 F.3d at 773. Where delay is involved, it must be undue delay. Kovilic, 106 F.3d at 773.

Similar to § 1927, inherent power sanctions are limited to the judicial process. Chambers, 501 U.S. at 44; Kovilic, 106 F.3d at 772. Therefore, the only delay that may be considered is that full compliance was ordered to occur by October 29, but was not fully satisfied until a month or less later. Any pre-litigation delay may not be a basis for imposing sanctions. The court imposed a short deadline for full compliance. Lakeside was in substantial compliance by the deadline and full compliance within a short time thereafter. There is no indication of willful or egregious disregard of the deadline. The short delay in reaching full compliance is not a basis for imposing sanctions. See Kovilic, 106 F.3d at 773; NutraSweet Co. v. X-L Engineering Corp., 933 F. Supp. 1409, 1425 (N.D. Ill. 1996), aff'd, 227 F.3d 776 (7th Cir. 2000).

IT IS THEREFORE ORDERED that EEOC's petition for fees [5] is denied.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MARCH 11, 2004